UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRANK STAMBAUGH,

    Plaintiff,

    v.                                                CAUSE NO. 3:21-CV-632-JD-MGG

JEREMY BRINDLE, et al.,

    Defendants

## OPINION AND ORDER

Frank Stambaugh, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must nevertheless give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Stambaugh, who is presently in custody at the Miami County Jail, sues three officers of the Peru Police Department. He alleges that on June 10, 2020, he was a passenger in a vehicle that was stopped by police for a traffic violation. Mr. Stambaugh

claims that he was not "combative" or resisting police in any way, but the officers nevertheless shocked with him a tazer and then arrested him, in his view without cause. He claims that a similar incident occurred on June 17, 2021, when he was again a passenger in a vehicle that was pulled over by police. He claims the officers decided to pat him down to conduct a weapons search. He believes they had no right to touch him or speak to him because he was not driving the vehicle and "had no warrants at the time." He is somewhat vague about what happened next, but he claims he was ultimately shocked with a tazer, "wrestled to the ground by seven officers," and arrested. He claims he was "not resisting at all" during this incident and that the officers' actions were unjustified. Based on these events, he sues three of the police officers involved, seeking monetary damages and other relief.

It can be discerned from public court records that Mr. Stambaugh was charged with possession of cocaine, resisting law enforcement, and obstruction of justice as a result of the June 10, 2020, traffic stop.[1] *See State of Indiana v. Stambaugh*, 52D02-2006-F6-000182 (Miami Sup. Ct. filed Jun. 12, 2020). He was released on bond, but the second incident he describes led to his bond being revoked. *Id.* The criminal docket reflects that he is currently in custody awaiting trial on the charges, with a pretrial conference scheduled for December 16, 2021. *Id.*

Under the *Younger* doctrine, "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings."

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

*Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Mr. Stambaugh's claims that police had no right to pull him over, search him, or use force against him "involve constitutional issues that may be litigated during the course of his criminal case." *Id.* "Deciding those issues in federal court could undermine the state court proceeding[.]" *Id.* Therefore, a stay of this case is appropriate under *Younger*.

Aside from *Younger*, the court has inherent authority to stay a case where, as here, a litigant is effectively trying to litigate the same issues in two pending cases. Permitting such "parallel civil litigation" runs counter to "core principles of . . . comity, consistency, and judicial economy." *McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019). Allowing Mr. Stambaugh's civil case to proceed while the criminal case is pending "opens up another can of worms, because civil discovery is much broader than criminal discovery—that is, criminal defendants can learn a lot more about the prosecution's case through civil discovery than they otherwise would be able to in the criminal case alone." *Commodity Futures Trading Comm'n v. Nowak*, No. 19-CV-6163, 2020 WL 3050225, at *2 (N.D. Ill. June 8, 2020). "The distinction between the two discovery protocols is not idle: criminal discovery is narrower because of concerns that criminal defendants may use this information to impede investigations into them, tamper with witnesses, or craft more airtight perjured testimony." *Id.* Given the overlap in the issues presented in these cases, those concerns are present here.

Furthermore, Mr. Stambaugh's claim that he was not combative with police and did not resist in any way—in other words, that he is not guilty of resisting law

enforcement—directly undercuts the validity of one of the pending charges. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Such a claim cannot be brought while "criminal proceedings are ongoing," and instead becomes cognizable only when "the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of *Heck*." *McDonough*, 139 S. Ct. at 2158. The Supreme Court has directed that "[i]f a plaintiff files a [civil] claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id*.

Based on the above, this case will be stayed until such time as the criminal charges pending against Mr. Stambaugh are resolved. If he wishes to proceed with this lawsuit, he must file a motion to lift the stay within 30 days after judgment is entered in his criminal case. Depending on the outcome of the criminal case, the court will

4

determine at that time whether his civil claims may proceed. *See Wallace*, 549 U.S. at 394. If he does not move to lift the stay within 30 days of the criminal judgment, the stay will be converted to a dismissal without prejudice.

For these reasons, this case is STAYED pending the resolution of *State of Indiana v. Stambaugh*, 52D02-2006-F6-000182 (Miami Sup. Ct. filed Jun. 12, 2020). The plaintiff is ORDERED to file a motion to lift the stay within 30 days after judgment is entered in the criminal case. He is CAUTIONED that if he does not do so, the stay will be converted to a dismissal without prejudice. The clerk is DIRECTED to STATISTICALLY CLOSE this case.

SO ORDERED on November 12, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT